UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

John Farrelly

    v.                                               Civil No. 10-cv-583-PB

City of Concord, N.H.; Eric
J. Pilcher; and Walter Carroll

**O R D E R**

John Farrelly has sued the City of Concord ("the City") and two of its police officers, asserting three federal constitutional claims, by means of 42 U.S.C. § 1983, and three claims under state law. All six claims arise out of Farrelly's 2009 arrest and prosecution on four counts of criminal harassment under a provision of N.H. Rev. Stat. Ann. ("RSA") § 644:4 that had been found unconstitutional several years earlier by the New Hampshire Supreme Court in State v. Pierce, 152 N.H. 790 (2005). Those charges were nol prossed the day before trial, and Farrelly succeeded in having his arrest record annulled in the Concord District Court.

Before this court is Farrelly's motion to seal his complaint, and all docket entries in this case, at Level I, as defined in Local Rule 83.11(b)(1). By order dated December 28, 2010, doc. no. 4, the court directed Farrelly to file a memorandum of law in support of his motion to seal. He has done

so, and defendants have responded.  Based on the parties' briefing, the motion to seal is denied.

The default setting in the Local Rules is that "[a]ll filings, orders, and docket entries shall be public."  LR 83.11(a).  While the Local Rules describe several exceptions to the general rule, the only basis for sealing Farrelly's complaint and the docket entries in this case would be an order from this court.  See LR 83.11(a)(1)-(3).  A motion seeking such an order, in turn, "must explain the basis for sealing."  LR 83.11(c).

In his motion, Farrelly avers that: (1) after the criminal case against him was nol prossed in the Concord District Court, his criminal counsel petitioned to have his arrest record annulled pursuant to RSA 651:5, II; (2) he then engaged civil counsel; (3) his civil counsel attempted, without success, to withdraw the petition for annulment; (4) the petition for annulment was granted; (5) Farrelly's civil counsel notified the City of the claims in this case, and asked the City to join in filing an assented-to motion in the Concord District Court to vacate the annulment;[1] and (6) the City declined, and took the

---

[1] Both parties consistently speak of "withdrawing" the annulment, but it seems more accurate to describe the relief Farrelly seeks from the Concord District court as "vacating" the annulment.

2

position that RSA 651:5 might be violated if Farrelly brought a civil rights claim in federal court.

RSA 651:5, XII, provides that "[a] person is guilty of a misdemeanor if, during the life of another who has had a record of arrest or conviction annulled pursuant to this section, he discloses or communicates the existence of such record except as provided in subparagraph XI(b)."  Subparagraph XI(b), in turn, provides that "[n]othing in this sections shall affect any right . . . [o]f  law enforcement officers . . . to communicate information regarding the annulled record of arrest . . . in defense of any civil suit arising out of the facts of the arrest."

Farrelly's motion to seal suggests that he construed the City's refusal to join in a motion to vacate the annulment, along with its invocation of RSA 651:5, as a veiled threat of criminal prosecution in the event he disclosed his annulled arrest record.  In his supplemental brief, Farrelly reports that he and defendants were unable to reach an agreement under which both sides would be able to engage in full communication concerning his arrest to the extent necessary to prosecute and defend his claims, but that they did agree that he will file a motion to vacate the annulment in the Concord District Court and that the City will not object.  He further restates his position that RSA 651:5, XII, does not preclude _him_ from disclosing his

3

annulled arrest record. Finally, he asks the court either to determine that both he and defendants are entitled to discuss his arrest record to the full extent necessary to litigate this case, or to maintain the case under seal, so as to permit both sides to litigate the case while keeping his annulled arrest record confidential.

In their reply memorandum, perhaps misled by the caption of Farrelly's memorandum,[2] defendants do not address the issue on which the court requested briefing, i.e., whether this case should be sealed. Furthermore, defendants take no position regarding the criminal liability, if any, that Farrelly might face for disclosing his annulled arrest record. Rather, they say that they are concerned about their own ability "to properly defend this civil complaint without subjecting any persons, parties, witnesses or counsel to possible criminal, civil or ethical violations." Defs.' Reply Mem. (doc. no. 8), at 1. Relying on various theories of abstention,[3] defendants ask the court to order Farrelly to file a motion to vacate the annulment

---

[2] Notwithstanding the court's request for briefing on the issue of sealing this case, plaintiff submitted a brief titled "Plaintiff's Memorandum Regarding Annulment," and defendants followed suit by filing a brief titled "Defendants' Reply Memorandum Regarding Annulment."

[3] Specifically, defendants cite Burford v. Sun Oil Co., 319 U.S. 315 (1943), Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959), and Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).

4

in the Concord District Court and to abstain from any further action in this case until the state court has ruled on Farrelly's motion.

With that background laid out, the court now turns to the motion before it.  Farrelly has established no good reason to seal the filings in this case.  To the extent he is worried about being prosecuted for disclosing his own annulled arrest record, his concern is unfounded for at least two reasons.  First and foremost, assuming that a person could face criminal liability for disclosing his or her own annulled arrest record, sealing this case would not provide Farrelly with any protection.  RSA 651:5, XII, bars the disclosure of an annulled arrest record, or the communication of the existence of such a record.  Farrelly has already disclosed his annulled arrest record and has communicated its existence by conferring with the attorney who brought this case, and by bringing the case itself.  If RSA 651:5, XII, does in fact prohibit self-disclosure, then it would appear that Farrelly has violated that statute several times over.  Thus, an order sealing this case would have no practical effect vis-à-vis Farrelly's possible criminal liability.  Beyond that, however, Farrelly appears to be correct in his argument that RSA 651:5, XII, which speaks of a person disclosing the annulled arrest record of another, simply does

5

not criminalize self-disclosure.  Accordingly, there is no good reason to seal this case.

Defendants say nothing about whether or not this case should be sealed.  Instead, they ask the court to stay it.  They appear to argue that this court should step aside and allow the Concord District Court to decide whether or not to vacate its annulment of Farrelly's arrest record, a question defendants describe as "a particularly complex area of state law" and "a significant state-specific issue."  Defs.' Reply Mem., at 2.  Defendants miss the point.  Farrelly is not asking this court to undo, set aside, or vacate the annulment of his arrest record.  Thus, for this court, there is no question of state law concerning annulment from which to abstain.[4]  But, more importantly, defendants' request for a stay runs afoul of LR 7.1(a)(1), which provides that "[o]bjections to pending motions and affirmative motions for relief shall not be combined in one filing."  On that basis, defendants' request for a stay, which

---

[4] There does appear to be an interesting and important question of state law hovering over this case, but neither party appears to be litigating it in any court.  That question concerns the extent to which one person could be liable under RSA 651:5, XII, when he or she mentions a second person's annulled arrest record in the context of defending against a civil action brought by that second person and arising out of the facts of an arrest for which the record was later annulled.  RSA 651:5, XI(b) would appear to immunize law-enforcement officers from liability, but does not mention those who are not law-enforcement officers.  But, again, because this court has not been asked to address that issue, there is nothing from which to abstain.

was asserted in their objection to Farrelly's motion to seal, must be denied for failing to comply with LR 7.1(a)(1).

For the reasons given, Farrelly's motion to seal his complaint and all the docket entries in this case, doc. no. 2, is denied. Defendants' request to stay the case is also denied, but without prejudice to their filing a proper motion.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: February 22, 2011

cc: Charles P. Bauer, Esq.
    H. Jonathan Meyer, Esq.