UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


John Farrelly

    v.                                                    Civil No. 10-cv-583-LM

City of Concord, N.H.; Eric
J. Pilcher; and Walter Carroll


**O R D E R**

John Farrelly has sued the City of Concord and two of its police officers, asserting three federal constitutional claims, by means of 42 U.S.C. § 1983, and three claims under state law. All six claims arise out of Farrelly's 2009 arrest and aborted prosecution on four counts of criminal harassment. Before the court is defendants' motion to dismiss. Farrelly objects. For the reasons that follow, defendants' motion to dismiss is denied.


**Background**

The following background is drawn from Farrelly's complaint. Farrelly was arrested by officers of the Concord Police Department for violating a statute that had been declared unconstitutional by the New Hampshire Supreme Court three years before his arrest. Due to the way in which he was handcuffed,

Farrelly suffered a torn bicep and a new tear to a previously torn rotator cuff. Those injuries required surgical repair. Notwithstanding the unconstitutionality of the statute under which Farrelly had been charged, his prosecution continued until the day before trial, at which time the charges against him were nol prossed.

This suit followed. In it, Farrelly presses federal constitutional claims based on the First, Fourth, and Fourteenth amendments (Counts I-III), along with state-law claims for malicious prosecution (Count IV), false imprisonment (Count V), and violation of the New Hampshire Constitution (Count VI). He seeks several forms of relief including compensatory damages for, among other things, the physical injuries he claims to have suffered.

**Discussion**

Without invoking Rule 12(b)(6) of the Federal Rules of Civil Procedure, or any other source of authority, defendants move to dismiss. They argue that Farrelly is barred from pursuing the claims he asserts because: (1) the Concord District Court granted his petition to annul his arrest record, pursuant to N.H. Rev. Stat. Ann. ("RSA") § 651:5 which means that, "as a matter of law, no arrest occurred," Defs.' Mot. to Dismiss (doc. no. 18); and (2) the Rooker-Feldman doctrine precludes Farrelly

2

from effectively appealing the Concord District Court's orders of August 4, 2009 (granting his petition to annul), and April 26, 2011 (returning, without action, his motion to vacate the annulment of his arrest records).

Plaintiff concedes that his <u>arrest record</u> was annulled by order of the Concord District Court. He does not concede, however, that his <u>arrest</u> was annulled, as defendants seem to suggest. <u>See</u> Defs.' Mot. to Dismiss ¶ 7. Annulment of an arrest record is an administrative matter well within the power of the legislature to provide for. Annulment of an arrest would seem to require metaphysics beyond the ken of any legislative body.

RSA 651:5, II, provides that a person such as Farrelly, "whose case was . . . not prosecuted, may petition for annulment of [his] arrest record." When a person's arrest record has been annulled, he "shall be treated in all respects as if he had never been arrested." RSA 651:5, X(a). However, while the statute permits the annulment of the records of "arrest, conviction, and sentence," RSA 651:5, I, it does not affect any right:

> (a) Of the person whose record has been annulled to appeal from the conviction or sentence or to rely on it in bar of any subsequent proceedings for the same offense; or
>
> (b) Of law enforcement officers . . . to communicate information regarding the annulled record

3

>   of arrest . . . in defense of any civil suit arising
>   out of the facts of the arrest . . .

RSA 651:5, XI.

The statute quoted above requires others to treat Farrelly in all respects as if he had never been arrested, but it does not require Farrelly to treat himself as if he had never been arrested.  As the statute expressly allows a person to appeal a conviction even though the record of that conviction has been annulled, it cannot reasonably be read to bar Farrelly from bringing a suit based on an arrest even though the record of that arrest has been annulled.

Moreover, as Farrelly points out, RSA 651:5, XI(b), contemplates civil suits arising out of the facts of arrests from which the records have been annulled.  For their part, defendants correctly note that RSA 651:5, XI(b), does not affirmatively grant a cause of action to persons whose arrest records have been annulled.  But, at the same time, nothing in the statute expressly bars claims such as the ones Farrelly brings here.  Defendants further argue that the purpose of the provision in question is merely to allow defendants such as themselves to file motions to dismiss claims that have been wrongfully brought by plaintiffs such as Farrelly.  Notably, however, defendants attached three exhibits to their motion to dismiss, none of which was a record of Farrelly's arrest.

4

For the guidance of the parties as this case progresses, the court further notes that because Farrelly has placed his arrest squarely at issue, it would be absurd to construe RSA 651:5, X(a), as requiring defendants' trial witnesses to treat Farrelly as if he had never been arrested and, thus, barring them from referring to his arrest record.  RSA 651 XI(b) expressly allows law enforcement officers to communicate information about annulled arrest records in defense of civil suits, such as this one, arising out of the facts of an arrest. If a law enforcement officer involved in this case lawfully communicates information about Farrelly's arrest record in defense of Farrelly's claims then, necessarily, the lawful recipient of that information may testify about it at trial, so long as any such testimony is otherwise permitted by the rules of evidence.

Finally, the court turns, briefly, to defendants' Rooker-Feldman argument.  "The Rooker-Feldman doctrine precludes 'the losing party in state court [from filing] suit in federal court after the state proceedings [have] ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'"  Coggeshall v. Mass. Bd. of Reg. of Psychologists, 604 F.3d 658, 663 (1st Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp, 544 U.S. 280, 291 (2005)).  Defendants appear to contend that because this court

must give preclusive effect to the judgments of the Concord District Court, and Farrelly is barred from seeking what amounts to an appeal of those judgments in this court, his claims in this case are subject to dismissal. Defendants' argument is unavailing for the simple reason that, as explained above, the Concord District Court's annulment of the records of Farrelly's arrest creates no obstacle to the claims he brings in this suit. That means he has no need to undo any decision by that court as a prerequisite to proceeding in this court. Accordingly, there is no Rooker-Feldman issue.

## Conclusion

For the reasons given above, defendants' motion to dismiss, document no. 18, is denied.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: September 12, 2011

cc: Charles P. Bauer, Esq.
    H. Jonathan Meyer, Esq.