UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


John Farrelly

    v.                                           Civil No. 10-cv-583-LM

City of Concord, N.H.; Eric
J. Pichler; and Walter Carroll


**O R D E R**

In an amended order dated October 1, 2012, the court granted summary judgment to defendants on seven of the eight claims brought against them by John Farrelly. Before the court are motions in which: (1) defendants ask the court to reconsider two aspects of its decision to deny them summary judgment on the false-imprisonment claim stated in Count V, see doc. no. 51; (2) Farrelly asks the court to reconsider its decisions to grant summary judgment on the claim for malicious prosecution stated in Count IV and the claim for negligence stated in Count VIII, see doc. no. 53; and (3) defendants ask the court to suspend its order as to Count V pending reconsideration and appellate review, see doc. no. 54. Each motion is duly opposed. In an endorsed order dated November 29, the court deferred ruing on the two motions for reconsideration and directed the parties to show cause why the court should not vacate its order as to all

four of Farrelly's state-law claims and decline to exercise supplemental jurisdiction over them.

The parties have now submitted the requested briefing. Defendants ask the court to vacate only its ruling on Count V, i.e., the one claim on which they did not prevail at summary judgment, while leaving the remainder of the order intact. In defendants' view the court should not vacate its rulings on the claims on which it did prevail because those rulings were legally correct. Farrelly, in turn, does not object to the resolution proposed in the court's endorsed order.

In moving for summary judgment on all four of Farrelly's state-law claims, defendants asserted several defenses that have been subject to little or no development in the opinions of the New Hampshire Supreme Court. On reconsideration of its October 1 order, and in light of the paucity of applicable decisional law, the court concludes that it erred by retaining supplemental jurisdiction over plaintiff's state-law claims after it granted defendants summary judgment on all of Farrelly's federal claims.[1] See Camelio v. Am. Fed'n, 137 F.3d 666, 672 (1st Cir. 1998); 28 U.S.C. § 1367(c). Accordingly, the court vacates its rulings as to Counts IV, V, VI, and VIII, and dismisses those claims

---

[1] Neither party asked the court to reconsider any aspect of its rulings on any of Farrelly's federal claims.

without prejudice to Farrelly's bringing them in the state courts of New Hampshire.

In so ruling, the court recognizes that there is another approach to dealing with the dearth of applicable caselaw, i.e., the certification process. But, litigation in the state courts will give the parties more control over the record presented to the New Hampshire Supreme Court, should Farrelly's claims end up there. And, the development of New Hampshire law would be better served by a decision resulting from a fully litigated case than it would be by responses to narrowly drafted legal questions from this court. So, as between dismissal of Farrelly's state-law claims and certification of one or more questions to the New Hampshire Supreme Court, the former is preferable.

For the reasons described above, defendants' motion for reconsideration, document no. 51, and Farrelly's motion for reconsideration, document no. 53, are both granted in part. That is, they are granted to the extent that the court vacates the portion of its October 1 order in which it granted summary judgment on Counts IV, VI, and VIII, and denied summary judgment on Count V. Having partially vacated its October 1 order, the court denies as moot defendants' motion to suspend that order,

document no. 54, and declines to exercise supplemental jurisdiction over Farrelly's state-law claims. Accordingly, the clerk of the court shall enter judgment in accordance with the October 1 order, document no. 49, as modified by this order, and close the case.

    SO ORDERED.

                                                Landya McCafferty
                                                United States Magistrate Judge

December 20, 2012

cc:   Charles P. Bauer, Esq.
      H. Jonathan Meyer, Esq.
      Erik Graham Moskowitz, Esq.