**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


John Farrelly

    v.                                                      Civil No. 10-cv-583-LM

City of Concord, N.H.; Eric
J. Pichler; and Walter Carroll


**O R D E R**

In an amended order dated October 1, 2012, the court
granted summary judgment to defendants on seven of the eight
claims brought against them by John Farrelly.  Before the court
are motions in which: (1) defendants ask the court to reconsider
two aspects of its decision to deny them summary judgment on the
false-imprisonment claim stated in Count V, see doc. no. 51; (2)
Farrelly asks the court to reconsider its decisions to grant
summary judgment on the claim for malicious prosecution stated
in Count IV and the claim for negligence stated in Count VIII,
see doc. no. 53; and (3) defendants ask the court to suspend its
order as to Count V pending reconsideration and appellate
review, see doc. no. 54.  Each motion is duly opposed.  In an
endorsed order dated November 29, the court deferred ruing on
the two motions for reconsideration and directed the parties to
show cause why the court should not vacate its order as to all

four of Farrelly's state-law claims and decline to exercise
supplemental jurisdiction over them.

The parties have now submitted the requested briefing.
Defendants ask the court to vacate only its ruling on Count V,
i.e., the one claim on which they did not prevail at summary
judgment, while leaving the remainder of the order intact.  In
defendants' view the court should not vacate its rulings on the
claims on which it did prevail because those rulings were
legally correct.  Farrelly, in turn, does not object to the
resolution proposed in the court's endorsed order.

In moving for summary judgment on all four of Farrelly's
state-law claims, defendants asserted several defenses that have
been subject to little or no development in the opinions of the
New Hampshire Supreme Court.  On reconsideration of its October
1 order, and in light of the paucity of applicable decisional
law, the court concludes that it erred by retaining supplemental
jurisdiction over plaintiff's state-law claims after it granted
defendants summary judgment on all of Farrelly's federal claims.[1]
See Camelio v. Am. Fed'n, 137 F.3d 666, 672 (1st Cir. 1998); 28
U.S.C. § 1367(c).  Accordingly, the court vacates its rulings as
to Counts IV, V, VI, and VIII, and dismisses those claims

---

[1] Neither party asked the court to reconsider any aspect of
its rulings on any of Farrelly's federal claims.

2

without prejudice to Farrelly's bringing them in the state
courts of New Hampshire.

    In so ruling, the court recognizes that there is another
approach to dealing with the dearth of applicable caselaw, i.e.,
the certification process.  But, litigation in the state courts
will give the parties more control over the record presented to
the New Hampshire Supreme Court, should Farrelly's claims end up
there.  And, the development of New Hampshire law would be
better served by a decision resulting from a fully litigated
case than it would be by responses to narrowly drafted legal
questions from this court.  So, as between dismissal of
Farrelly's state-law claims and certification of one or more
questions to the New Hampshire Supreme Court, the former is
preferable.

    For the reasons described above, defendants' motion for
reconsideration, document no. 51, and Farrelly's motion for
reconsideration, document no. 53, are both granted in part.
That is, they are granted to the extent that the court vacates
the portion of its October 1 order in which it granted summary
judgment on Counts IV, VI, and VIII, and denied summary judgment
on Count V.  Having partially vacated its October 1 order, the
court denies as moot defendants' motion to suspend that order,

document no. 54, and declines to exercise supplemental

jurisdiction over Farrelly's state-law claims.  Accordingly, the

clerk of the court shall enter judgment in accordance with the

October 1 order, document no. 49, as modified by this order, and

close the case.

        SO ORDERED.


                                        _____
                                        Landya McCafferty
                                        United States Magistrate Judge


December 20, 2012

cc:   Charles P. Bauer, Esq.
      H. Jonathan Meyer, Esq.
      Erik Graham Moskowitz, Esq.